IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT JOHNSON, JR., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0225 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conditions of release to parole/mandatory supervision. (Docket Entry No. 10.) Respondent filed a motion for summary judgment (Docket Entry No. 25), to which petitioner filed a response (Docket Entry No. 27).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner was convicted of sexual assault in 1987, and sentenced to two years incarceration. He was subsequently convicted of two counts of delivery of a controlled substance (cocaine) in 1992 and sentenced to twenty-five years incarceration.

He was released to mandatory supervision in 2006, and required to register as a sex offender as a condition of his release. His release was revoked and he was returned to prison. In April of 2011, he was released to parole under a Super Intensive Supervision Program, which included

placement in the Bexar County Adult Detention Center in a work release program, which he states included "sex offender registration therapy." His parole was revoked in October of 2011.

On August 10, 2012, petitioner filed an application for state habeas relief challenging his required registration as a sex offender. The Texas Court of Criminal Appeals denied habeas relief on November 28, 2012.

Petitioner filed the instant habeas petition on February 14, 2013, challenging the 2006 and 2011 conditions of his release requiring that he register as a sex offender. He also complains that he was subjected to cruel and unusual punishment while participating in the parole work release program in Bexar County, Texas.

Respondent argues that petitioner's claims should be dismissed as failing to raise cognizable federal habeas claims.

## *Legal Standards*

*Summary Judgment Standards*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.

Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Habeas Review Standards*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding

whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

## *Analysis*

This is not the first time petitioner has raised these claims and sought judicial relief regarding imposition of the sex offender registration requirements in 2006 and 2011 or his parole work release conditions. In 2009, petitioner filed a section 1983 lawsuit seeking declaratory and injunctive relief for the alleged violations of his constitutional rights caused by the 2006 sex offender registration requirements. The Court dismissed the case as barred by the applicable two-year statute of limitations. *Johnson v. Quarterman*, C.A. No. H-09-0829 (S.D. Tex. 2009).

Undeterred by that ruling, petitioner filed a second 1983 lawsuit in the Western District of Texas, re-urging his claims and asserting the same arguments as raised herein. *Johnson v. Abbott*, C.A. No. SA-11-CA-1006-XR (W.D. Tex. 2012). The lawsuit was dismissed on June 25, 2012. Specifically, the district court rejected petitioner's complaints regarding the unconstitutionality of his sex offender conditions, as follows:

4

> Johnson concedes that he was convicted of a sexual offense but contends that sex offender conditions were improperly imposed upon him because he did not have two or more sexual convictions. Because this condition will be reimposed once he is released on parole, the Court does not believe his request for relief is moot.
>
> Under Texas Government Code, § 508.186, the Sex Offender Registration statute, a parole panel shall require as a condition of parole or mandatory supervision that a releasee be subject to a number of special sex offender conditions. However, before a parole panel may impose these conditions, the releasee must be required to register as a sex offender under Chapter 62 of the Code of Criminal Procedure. That is, only those who are required to register as sex offenders may be required to comply with the special sex offender conditions of parole.
>
> As noted above, Johnson was convicted of sexual assault in 1987. Article 62.001(5) of the Texas Code of Criminal Procedure defines 'Reportable conviction or adjudication' as a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that is a conviction for or an adjudication for or based on (A) a violation of . . . 22.011 (Sexual assault). Clearly, Johnson was convicted of a reportable conviction and is required to register as a sex offender. For that reason, sex offender conditions were properly imposed upon him while on parole.

*Id.* (Documents 11, 17.) The district court further found that the "savings clause" did not exempt petitioner from registration as a sex offender. *Id.* The court also dismissed petitioner's civil rights claims regarding his conditions of confinement at the work release program in Bexar County. Accordingly, the issue of whether sex offender registration and related conditions may properly be imposed on petitioner upon his release to mandatory supervision or parole has already been determined by a federal district court, and this Court will not revisit the issue.

In rejecting petitioner's habeas claims on state collateral review, the state court found as true the statements made in the affidavit submitted by Christina Propes, Section Director for Review and Release Processing, Texas Department of Criminal Justice, Parole Division. *Ex parte Johnson*, WR-67,533-05, p. 38. In her affidavit, Ms. Propes testified that,

> On 5/14/1987, Applicant was convicted of Sexual Assault[.] Because Applicant was convicted of a sex offense, he was not entitled to notice and an opportunity to be heard before the Board of Pardons and Paroles imposed Special Condition X. Meza v. Livingston, 607 F.3d 392 (5th Cir. Tex. 2010) ('When an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions.').

*Id.*, p. 42. The Texas Court of Criminal Appeals subsequently denied habeas relief.

To the extent petitioner's claims may be construed as sounding in habeas, he fails to meet his burden of proof under AEDPA to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Habeas relief is unwarranted.

Nevertheless, the Court agrees with respondent's argument that petitioner's present claims are more appropriately viewed as civil rights claims under section 1983, and not as habeas claims under section 2254, particularly in light of the fact that petitioner is currently in prison and not on release to parole or mandatory supervision. Petitioner's claim regarding his conditions of confinement at the Bexar County work release program is clearly a civil rights claim properly brought under section 1983. However, as such, it would be subject to dismissal by this Court as the claim was raised and dismissed in *Johnson v. Abbott*, C.A. No. SA-11-CA-1006-XR (W.D. Tex. 2012). To any extent petitioner's claim here may encompass additional acts or omissions regarding the Bexar County work release program, such claims should have been raised in the Western District section 1983 lawsuit and may not be pursued in this lawsuit.

The remainder of petitioner's instant claims, or similar versions of those claims, were denied in *Johnson v. Abbott*, and may not be re-litigated here. Consequently, construing petitioner's claims as ones brought under section 1983 would provide petitioner no grounds for relief and subject him

to sanctions or "strikes" for the filing of malicious and frivolous lawsuits. Thus, the Court declines to construe petitioner's claims as brought under section 1983. The Court admonishes petition, however, that his continued filing of lawsuits raising these same or similar complaints may subject him to "strikes" for the filing of malicious and frivolous civil lawsuits, as well as other sanctions such as monetary fines and limitations on his ability to file new lawsuits.

### *Conclusion*

The motion for summary judgment (Docket Entry No. 25) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on March 20, 2014.

_____
Gray H. Miller
United States District Judge